IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Asim Khan,<br>*Plaintiff* | § § § | |
| v. | § § | Civil Action No. 21-3157 |
| Zort, Inc., and Adam Iza,<br>*Defendants* | § § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

This is a case about theft by a fiduciary. Defendant Zort—a powerful crypto-currency investment firm and automated artificial intelligence trading software—stole hundreds of thousands of dollars from Plaintiff. Zort CEO Adam Iza now refuses to return the stolen money.

In late 2020, Plaintiff Asim Khan entered into an agreement with Zort, whereby he paid $277,000 to use Zort's proprietary trading algorithms. Plaintiff then deposited an additional $300,000 in U.S. Dollar Coin (USDC) into a Zort controlled wallet as an initial investment. Zort was a fiduciary of Plaintiff's investment, but Plaintiff's investment money never belonged to Zort.

Plaintiff became dissatisfied with Zort after the company refused to send him portfolio reports. On April 15, 2021, Plaintiff requested that Zort return a portion of his initial investment. Iza then informed Plaintiff that Zort would not return any of his funds at that time. Later that September, Plaintiff's suspicions increased when he discovered that the individual who created Zort's trading algorithm was no longer employed by the company. At that time, Plaintiff demanded that Zort return his entire investment, along with any profits, to which Iza replied:

**"ARE YOU FUCKING CRAZY?"**

<u>Theft is not ok.</u>  Zort and Iza are in possession of Plaintiff's money and have staunchly refused to pay it back.  Defendants' actions have caused Plaintiff significant economic harm, mental anguish, and missed opportunities, for which Plaintiff files this lawsuit.

1

## I.    PARTIES

1.    Plaintiff Asim Khan is an individual residing in Harris County, Texas. Plaintiff may be served with process through his attorneys of record: The Cobos Law Firm, Andrew Cobos, 1300 McGowen St., Houston, Texas 77004.

2.    Defendant Zort, Inc is a Delaware for profit corporation organized and/or existing under the laws of Delaware, and at all times material and relevant hereto was engaged in business in Harris County, Texas. Defendant Zort, Inc. may be served with process through its registered agent: Gust Delaware, Inc., 16192 Coastal Highway, Lewes, DE 19958.

3.    Defendant Adam Iza is an individual residing at 277 Saint Pierre Rd., Los Angeles, CA 90077 who was engaged in business in Harris County, Texas. Defendant Adam Iza may be served at this address or wherever he may be found.

## II.    JURISDICTION AND VENUE

4.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000, excluding interest and costs.

5.    This Court has personal jurisdiction over Defendant Zort because Zort has minimum contacts with the State of Texas as it regularly conducts business in the state. Furthermore, Plaintiff's injuries arise out of Defendant Zort, Inc.'s purposefully directed activities in the State of Texas. As such, this Court has specific jurisdiction over Defendant Zort, Inc.

6.    This Court has personal jurisdiction over Defendant Adam Iza because he has minimum contacts with the State of Texas as he regularly conducts business in the state. Furthermore, Plaintiff's injuries arise out of Defendant Adam Iza's purposefully directed activities in the State of Texas. As such, this Court has specific jurisdiction over Defendant Adam Iza.

7.    Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial

part of the events or omissions giving rise to the claim occurred in this district.

8.     Plaintiff seeks monetary relief of over $1,500,000.00.

### III.    MISNOMER / ALTER EGO

9.     In the event any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misidentification", "misnomer" and/or such parties are/were "alter egos" of parties named herein. Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

### IV.    FACTUAL ALLEGATIONS

10.    Defendant Zort, Inc. hosts an application programming interface ("API") which utilizes an artificial intelligence algorithm to automatically buy and sell securities when linked to a client's equity account. Zort's API utilized several different trading strategies, called books. The Zort API would automatically switch books based on market conditions. To use Defendant Zort's API, an investor is required to pay a substantial subscription fee based on a user's trading equity.

11.    In February 2020, Plaintiff Asim Khan decided to use Zort's services. To utilize Zort's API, Plaintiff initially made monthly subscription payments to Zort in February, April, and May of $18,000.00, $22,000.00, and $22,000.00, respectively. Defendant Zort waived Plaintiff's subscription fee for March due to technical issues with the website.

12.    On May 15, 2020, Plaintiff paid a two hundred and fifteen thousand dollar ($215,000.00) annual subscription fee. During this time, Zort offered Plaintiff an option to use a new trading strategy known "Institutional." "Institutional" was reserved only for Zort users who traded using higher amounts of equity. Plaintiff accepted this option and became a "Zort Institutional" investor.

13.    On September 2, 2020, Defendant Adam Iza, using the username "Zort Admin" reached out to Plaintiff, on behalf of Defendant Zort, to inform him that Zort was no longer

providing API-based institutional trading and would be officially opening "Zort Fund." This "Zort Fund" would pool all Zort Institutional investors into one account. This account would execute the trades on behalf of all Zort Institutional investors.



14.     Defendant Iza informed Plaintiff that if he joined "Zort Fund", he would not be subject to any additional fees, including cuts of profits, due to Plaintiff's pre-paid annual subscription fee. Defendants promised that the withdrawal period for "Zort Fund" investors would be one month, but that for Plaintiff, Zort would offer a 24-hour withdrawal period. Plaintiff, using the username "AntiSocialMob", accepted this offer and requested that Zort change his book to the "Zort Fund".





15.     On September 14, 2020, Plaintiff requested wiring instructions in order to transfer $300,000.00 into the "Zort Fund." At that time, a Zort administrator informed Plaintiff that his "lock up" period could be terminated at any time. Plaintiff agreed to these terms and attempted to transfer $300,000.00 to Zort. However, due to transfer limits, Plaintiff was only able to transfer $50,000.00 on September 14, 2020. Plaintiff made an additional $50,000.00 transfer to Zort on September 15, 2020 and another $200,000.00 transfer on September 17, 2020.



16. In October 2020, Defendant Zort failed to send any report on Plaintiff's investment in the "Zort Fund". When Plaintiff contacted Defendants regarding this failure, Defendants became evasive and deflected Plaintiff's questions. Plaintiff became very suspicious after these discussions and continued to request regular reports on his investment. However, these reports were not forthcoming for months.





17. On April 15, 2021, Plaintiff requested that Defendants return a portion of Plaintiff's investment. Defendant Zort informed Plaintiff that they could not return any of the invested funds at that time. Plaintiff was appalled by this statement, as Defendant had specifically informed Plaintiff in September 2020 that Plaintiff could have the funds returned at any time. Over the next few months, Plaintiff continued to renew his request for return of his investment but was met with excuses and apologies from Defendant.

18. In September 2021, Plaintiff's suspicions came to a head when Plaintiff discovered that the individual who created Zort's trading algorithm was no longer employed by Zort. When

Plaintiff discovered this information, he demanded that Defendants return his entire investment, along with any profits. Plaintiff's demand was denied by Defendant and Mr. Khan was informed that Defendant would not return his investment, stating "are you fucking crazy?" and "you've done the worse you can."



19. Defendants took Plaintiff's investment money, pursuant to the agreement, and have refused to return it at his request. For these reasons, Plaintiff seeks recovery of his stolen assets.

8

## V. CAUSES OF ACTION

### COUNT 1: THEFT OF PROPERTY UNDER THE TEXAS THEFT LIABILITY ACT

20. All preceding paragraphs are incorporated as if set forth fully herein.

21. In addition, or in the alternative to other counts, Plaintiff has had a possessory right to his property, including the funds invested pursuant to the Agreement, as well as those funds' subsequent rise in value. Defendants have refused to return Plaintiff's property, despite multiple requests.

22. Defendants' refusal to return Plaintiff's investment upon request and its subsequent exercise of control over those assets were outside of Defendants' authority. Defendants' retention of those assets, without Plaintiff's consent, constitutes theft whereby Defendants were unjustly enriched at the expense of Plaintiff.

23. Defendants intended to deprive Plaintiff of his property. Plaintiff has demanded the return of Plaintiff's investment prior to filing this lawsuit. Nonetheless, Defendants have refused to return the assets they improperly retained.

24. Plaintiff has been damaged by Defendants' failure to return his property. Plaintiff has further been forced to spend time and resources in an attempt to recoup this loss.

25. The actions of Defendants violated Texas Civil Practice and Remedies Code § 134, known as the Texas Theft Liability Act, and Texas Penal Code § 31.03.

26. Additionally, Plaintiff is entitled to recover exemplary damages under Texas Civil Practice and Remedies Code § 41.008(c), which authorizes exemplary damages—not subject to any cap—in cases of theft.

27. Furthermore, Plaintiff is also entitled to recover reasonable and necessary attorney's fees pursuant to Texas Civil Practice and Remedies Code § 134.005(b), under which the prevailing party in a claim under the Texas Theft Liability Act is entitled to recover its

reasonable and necessary attorney's fees. The award of fees to a prevailing party under this statute is mandatory.

### COUNT 2: VIOLATIONS OF THE TEXAS SECURITIES ACT

28. All preceding paragraphs are incorporated as if set forth fully herein.

29. In addition, or in the alternative to other counts, Plaintiff alleges the Defendants have violated The Securities Act and are subject to civil liability for their acts and omissions.

30. Texas Government Code Chapter 4001, also known as The Securities Act, imposes civil liability on both sellers of securities and investment advisers for fraudulent conduct and material misrepresentations related to securities transactions.

31. Defendants are "sellers" and/or "investment advisers" as defined under The Securities Act.

32. Defendants offered to serve as investment advisers on behalf of Plaintiff by means of an untrue statement of material fact by representing to Mr. Khan that they would relinquish control over his investment assets upon his request. Defendants knew the representations were false when made. Tex. Gov. Code § 4008.052 imposes civil liability upon a person who offers or sells a security by means of an untrue statement. *See* Tex. Gov. Code § 4008.052.

33. Defendants committed "fraud" as defined under The Securities Act when they refused to return Plaintiff's assets upon request. Tex. Gov. Code § 4008.101(b) imposes civil liability upon an investment adviser who commits fraud or engages in fraudulent practice in rendering services. *See* Tex. Gov. Code § 4008.101(b).

34. As a result of Defendants' actions, Plaintiff suffered actual and economic damages in an amount within the jurisdictional limits of this Court.

### COUNT 3: FRAUD

35. All preceding paragraphs are incorporated as if set forth fully herein.

36. In addition, or in the alternative to other counts, Defendants made multiple false

material representations to Plaintiff with the intent that Plaintiff rely upon the representations. Specifically, Defendants represented to Plaintiff that it would relinquish control over Plaintiff's assets upon his request. Defendants knew the representations were false or made the representations recklessly without knowledge of the truth of the statements. Plaintiff relied upon the representations, which caused him injury. As a result of Defendants' actions, Plaintiff suffered actual and economic damages in an amount within the jurisdictional limits of this Court.

### COUNT 4: BREACH OF FIDUCIARY DUTY

37. All preceding paragraphs are incorporated as if set forth fully herein.

38. In addition, or in the alternative to other counts, Defendants breached their fiduciary duty to Plaintiff. Plaintiff entered into a contract whereby Defendants were obligated to act on or give advice for the benefit of Plaintiff. Plaintiff had a relationship of trust and confidence with Defendant Zort as an investment firm and Defendant Adam Iza as an investment advisor. Plaintiff relied on Defendants to handle, manage, and ensure that Plaintiff would receive fair treatment and payment for his investment. Defendants therefore owed fiduciary duties to Plaintiff, including but not limited to the duties of loyalty and care.

39. Defendants, acting as investment brokers and trustees on behalf of Plaintiff, failed to properly manage and return the entrusted assets. Defendants breached their fiduciary duty to Plaintiff when they refused to return the assets upon request.

40. Furthermore, Defendants' actions violate Texas Penal Code § 32.45 regarding misapplication of fiduciary property. Defendants wrongfully refused to transfer assets legally owned by Plaintiff. Defendants' actions were deceitful, fraudulent, and malicious. Therefore, pursuant to Texas Civil Practice and Remedies Code § 41.008(c), Plaintiff is entitled to recover exemplary damages for this conduct and those exemplary damages are subject to no cap.

41. As a result of the above described breaches, Plaintiff suffered actual and economic damages in an amount within the jurisdictional limits of this Court.

### COUNT 5: UNLAWFUL CONVERSION

42. All preceding paragraphs are incorporated as if set forth fully herein.

43. In addition, or in the alternative to other counts, Defendants converted Plaintiff's personal property assets without consent or authority to do so. Plaintiff is the lawful owner of the funds invested pursuant to the agreement. Defendants have segregated those funds for the purposes of investment. Defendants have no right, title, or interest in Plaintiff's investment assets.

44. Defendants wrongfully exercised dominion or control over the assets owned by Plaintiff when Defendants failed to return those assets upon Plaintiff's request. Defendants' retention of Plaintiff's investment constitutes an unlawful, ongoing conversion of Plaintiff's property.

45. As a result of the Defendants' ongoing conversion, Plaintiff has suffered actual and economic damages in an amount within the jurisdictional limits of this Court.

46. Furthermore, the Defendants' ongoing conversion constitutes an act of malice for which Plaintiff is entitled to recover exemplary damages under Chapter 41 of the Texas Civil Practice & Remedies Code.

### COUNT 6: BREACH OF CONTRACT

47. All preceding paragraphs are incorporated as if set forth fully herein.

48. Plaintiff alleges that Defendants breached a contract between the parties.

49. In September of 2021, Plaintiff and Defendants entered into an agreement whereby Defendants agreed to broker an investment on Plaintiff's behalf and return those assets to Plaintiff upon request. Plaintiff provided Defendants valuable consideration and fully performed all duties required of him under the contract.

50. Defendants breached the contract when they refused to return Plaintiff's investment when requested. Despite multiple requests, Defendants have not returned Plaintiff's assets as of the date of this petition.

51. The above referenced acts or omissions, singularly or in combination with others, constitutes a breach of contract by Defendants.

52. As a direct and proximate consequence of Defendants' breaches, Plaintiff has suffered actual and consequential damages in excess of the minimum jurisdictional limit of this Court.

53. Because of the above-described breaches of contract, Plaintiff was required to retain attorneys to prosecute this action and agreed to pay the retained attorneys a reasonable fee. Pursuant to Section 38.000 of the Texas Civil Practice and Remedies Code, Plaintiff seeks his reasonable and necessary attorneys' fees.

54. All conditions precedent to Plaintiff recovering under the contract and recovering attorney's fees have occurred, been performed, or have been waived.

**COUNT 7: VIOLATION OF THE DECEPTIVE TRADE PRACTICES-CONSUMER PROTECTION ACT**

55. All preceding paragraphs are incorporated as if set forth fully herein.

56. In addition, or in the alternative to other counts, Defendant Adam Iza, acting within the scope of his actual, apparent or inherent authority as Chief Executive Officer of Defendant Zort, Inc., is guilty of violations of the Texas Deceptive Trade Practices Act as set forth below:

57. Defendants knowingly caused confusion regarding the source of the investment services to be provided to the "Zort Fund" by failing to disclose material information regarding the terms of management and the individual fund managers. These actions and/or omissions by Defendants violated Tex. Bus. And Comm. Code § 17.46(b)(2) which prohibits causing confusion or misunderstanding as to the source, sponsorship, or association with, or certification by another in the conduct of any trade or commerce.

58. Defendants represented that Plaintiff would be able to receive his funds at any time with a twenty-four (24) hour notice. Defendants also sold Plaintiff an annual subscription to Zort's institutional API services, then terminated those services after the course of three months.

Defendants induced Plaintiff into purchasing Defendants services then used a "bait and switch" technique to persuade Plaintiff into joining the "Zort Fund." Defendants knew these representations were false or made the representations recklessly without knowledge of the truth of the statements. These actions and/or omissions by Defendants violated Tex. Bus. And Comm. Code § 17.46(b)(5) which prohibits representing goods or services that claim to have uses and benefits but do not.

59. Defendants represented that Plaintiff would be able to receive his funds at any time with a twenty-four (24) hour notice. Defendants knew these representations were false or made the representations recklessly without knowledge of the truth of the statements. These actions and/or omissions by Defendants violated Tex. Bus. And Comm. Code § 17.46(b)(24) which prohibits the non-disclosure of information concerning goods or services known at the time of the transaction which was used to induce the consumer into a transaction whom otherwise would not have entered had the information be disclosed.

60. Defendants represented that Plaintiff would be able to receive his funds at any time with a twenty-four (24) hour notice. Defendants knew the representations were false or made the representations recklessly without knowledge of the truth of the statements. These actions and/or omissions by Defendants violated Tex. Bus. And Comm. Code § 17.46(b)(9) which prohibits advertising goods or services with intent not to sell them as advertised.

61. Therefore, as such conduct by the Defendants has been a producing cause of Plaintiff's damages, the Defendants are liable, jointly and severally, for the amount of Plaintiff's claims as well as, including, without limitation, such costs, attorneys' fees, expert fees, statutory penalty interest, treble damages, damages for mental anguish, and pre and post-judgment interest in an amount within the jurisdictional limits of this Court.

## COUNT 8: NEGLIGENT MISREPRESENTATION

62. All preceding paragraphs are incorporated as if set forth fully herein.

63. In addition, or in the alternative to other counts, Defendants made multiple false

14

material representations to Plaintiff with the intent that Plaintiff rely upon the representations. Specifically, Defendant represented to Plaintiff that it would relinquish control over Plaintiff's assets upon his request. Defendants' misrepresentations occurred in the course of Defendants' business, during which Defendants supplied false information for the guidance of Plaintiff. Defendants did not exercise reasonable care when communicating the information. Plaintiff justifiably relied on Defendants' misrepresentations, which were the proximate cause of Plaintiff's injuries. As a result of Defendants' actions, Plaintiff suffered actual and economic damages in an amount within the jurisdictional limits of this Court.

### COUNT 9: MONEY HAD & RECEIVED AND UNJUST ENRICHMENT

64. All preceding paragraphs are incorporated as if set forth fully herein.

65. In addition, or in the alternative to other counts, Plaintiff asserts that Defendants hold money which belongs to the Plaintiff in equity and good conscience. Defendant obtained the money from Plaintiff either by fraud, duress, or undue advantage when Defendant failed to return the money upon Plaintiff's request. Defendants' retention of those assets, without Plaintiff's consent, constitutes theft whereby Defendants were unjustly enriched at the expense of Plaintiff.

66. As a result of Defendant actions, Plaintiff suffered actual and economic damages in an amount within the jurisdictional limits of this Court.

### COUNT 10: PROMISSORY ESTOPPEL

67. All preceding paragraphs are incorporated as if set forth fully herein.

68. In addition, or in the alternative to other counts, Plaintiff asserts that the Defendants (1) made a promise, (2) Defendants could foresee the Plaintiff would rely on that promise, and (3) the Plaintiff substantially relied on the promise made by the Defendants to its detriment. Such actions proximately caused actual and economic damages to Plaintiff in an amount within the jurisdictional limits of this Court.

### COUNT 11: VICARIOUS LIABILITY – RESPONDEAT SUPERIOR

69. All preceding paragraphs are incorporated as if set forth fully herein.

70. In addition, or in the alternative to other counts, the acts of Defendant Adam Iza, as manager and chief executive officer of Defendant Zort, Inc. were performed while in the employment of, or as the agent of, or as a representative of, or as the member/shareholder/partner/equity holder of Zort, Inc., and were within the scope of that employment, relationship, and/or agency or within the authority delegated to the employee/agent/representative/stakeholder.

### COUNT 12: CIVIL CONSPIRACY

71. All preceding paragraphs are incorporated as if set forth fully herein.

72. Defendants collectively conspired to prevent Plaintiff from obtaining his investment assets when it was clear that the investment assets should have been securely transferred to Plaintiff. Defendants and their employees collectively had a meeting of the minds regarding the theft of Plaintiff's investment assets, then Defendants took overt and unlawful actions to further their collective objective. Defendants' conspiracy caused injury to the Plaintiff, for which he now seeks to recover.

### VI. JURY DEMAND

73. Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

### VII. CONDITIONS PRECEDENT

74. All conditions precedent to Plaintiff's claim for relief have been performed or have occurred.

### VIII. EXEMPLARY DAMAGES

75. Plaintiff's injury resulted from Defendants' fraud and malice, which entitles Plaintiff to exemplary damages under Texas Civil Practice & Remedies Code section 41.003(a).

## VI.　**DAMAGES**

44.　Plaintiff would show that as a proximate result of Defendants' acts and/or omissions, as described above, he has suffered severe emotional and psychological injuries. As the result of the Defendants' actions and omissions, Plaintiff seeks recovery for the following damages:

   a. Lost of earnings in the past and in the future;

   b. Mental anguish in the past and future;

   c. Punitive damages (Uncapped);

   d. Attorneys Fees;

   e. Actual and Economic damages.

45.　All of the injuries sustained by Plaintiff were proximately caused by the acts and/or omissions of Defendants. By reason of the above and foregoing, Plaintiff has been damaged in a sum to be determined by the jury based on their good judgment and the facts, in an amount not less than $1,500,000.00.

## VIII.　**PRAYER**

WHEREFORE, Plaintiff respectfully requests that Defendants be cited to appear and file an answer herein, and that upon final hearing Plaintiff be granted judgment against Defendants for damages in a sum within the jurisdictional limits of this Court, with pre-judgment and post-judgment interest at the highest rate allowed by law, costs of suit, and any other further relief, at law or in equity, to which he may show himself justly entitled. Specifically, Plaintiff request an award by the jury in an amount exceeding $1,500,000.00.

<*signatures on next page*>

Case 4:21-cv-03157 Document 1 Filed on 09/28/21 in TXSD Page 18 of 18

Respectfully Submitted,

# THE COBOS LAW FIRM

By: <u>*/s/ Andrew J. Cobos*</u>
      Andrew J. Cobos
      State Bar No. 24078352
      Southern District Bar No. 1322524
      Nicholas Kacal
      State Bar No. 24123106
      Southern District Bar No. 3684331
      1300 McGowen St.
      Houston, Texas 77004
      Telephone: (713) 234-5860
      Facsimile: (713) 583-5524
      andrew@cobos.law
      nicholas@cobos.law

      **ATTORNEYS FOR PLAINTIFF**

18